**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| FARHOOD ALLAH DADI SANI,<br><br>Petitioner,<br><br>v.<br><br>FRED FIGUEROA, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-00970-JD |

**ORDER**

Before the Court is United States Magistrate Judge Amanda L. Maxfield's Report and Recommendation ("R. & R.") [Doc. No. 32], to which Respondents did not file objections. Consequently, as discussed below, the Court accepts the R. & R.

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. [Doc. No. 1]. The Court referred this action to Judge Maxfield for preliminary review under 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 7].

The R. & R. recommends granting Petitioner's petition and releasing him from immigration detention subject to an appropriate Order of Supervision ("OOS"). [Doc. No. 32]. The R. & R. recommendation is based on the Court's findings that "Petitioner is currently detained in violation of *Zadvydas* [*v. Davis*, 533 U.S. 678 (2001)]; and/or that he was revoked from his OOS in violation of [8 C.F.R.] § 241.13(i)(2), or § 241.13(i)(3), or both." [*Id.* at 32 (emphasis omitted)]. The R. & R. advised Respondents of their right to object by September 3, 2026, and warned that failure to file timely objections would

waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 32–33 (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991))].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives its right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore*, 950 F.2d at 659 ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Respondents did not file objections to the R. & R. by the deadline challenging any aspect of the R. & R. and thus waived their right to challenge the recommended disposition. "The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659. However, the interests of justice do not warrant an exception to the waiver rule in this case. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (explaining that the court may grant relief from the waiver rule for failure to timely object to the magistrate judge's report and recommendation in the "interests of justice").

Accordingly, the Court ACCEPTS the R. & R. [Doc. No. 32] and ORDERS that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be granted and

Petitioner immediately released subject to an appropriate OOS. [*See* Doc. No. 32 at 32].[1] In accordance with the R. & R.'s recommendation, Respondents shall "certify compliance by filing a status report within three business days of the Court's order." [*Id.*]. A separate judgment shall follow.

IT IS SO ORDERED this 15th day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

[1] The Court does not conduct a de novo review of the R. & R. given Respondents failed to object.